# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 00100 | **DATE** | 4/26/2013 |
| **CASE TITLE** | Stratton vs. Salvation Army | | |

**DOCKET ENTRY TEXT**

For the reasons that follow, the Court denies Plaintiff's application to proceed *in forma pauperis* and denies Plaintiff's motion for appointment of counsel. The Court dismisses Plaintiff's complaint without prejudice. The Court grants Plaintiff 30 days from the entry of this Order to re-file a complaint with sufficient factual allegations to state a claim. If Plaintiff fails to do this, the Court will dismiss her case with prejudice.

■[ For further details see text below.]             Docketing to mail notices.

## STATEMENT

     Plaintiff Lisa Stratton ("Plaintiff") filed a complaint against the Salvation Army ("Defendant"). In her complaint, which at the outset, the Court notes contains few facts, Plaintiff alleges that Defendant discriminated against her because of her disabilities, national origin, race, religion, and sex. Plaintiff has moved to proceed *in forma pauperis* and has moved for appointment of counsel.

     To permit Plaintiff to proceed *in forma pauperis*, the Court must find: (1) that she cannot pay the cost of the case; and (2) the complaint is not frivolous, brought in bad faith, or unable to state a claim on which relief may be granted. 28 U.S.C. § 1915 (e). The Court liberally construes *pro se* filings, including applications to proceed *in forma pauperis. See Ricketts v. Midwest Nat. Bank*, 874 F.2d 1177, 1183 (7th Cir. 1989). Part of the determination in an *in forma pauperis* ruling is first determining whether the complaint has any possible merit or is frivolous on its face. *Wartman v. Branch 7, Civil Div., Cnty. Ct., Milwaukee Cnty., State of Wis.,* 510 F.2d 130, 134 (7th Cir. 1975).

     The Court, having reviewed the complaint, is unsure as to what facts support Plaintiff's claim of employment discrimination. In the complaint, Plaintiff contends that Defendant failed to reasonably accommodate her religion, failed to reasonably accommodate her disabilities, failed to stop harassment, and retaliated against her. However, Plaintiff does not provide any facts to support her claim. Indeed, in her form complaint, question 13 asks litigants to provide "[t]he facts supporting the plaintiff's claim of discrimination . . ." ECF No. 1 at 5. This section is completely blank.

     To adequately state a claim upon which relief can be based, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because of this standard, the Court will not attempt to predict what Plaintiff's exact cause of action is, nor will it attempt to predict what the specific facts are that could form such an action.

| STATEMENT |
|---|

Thus, the Court dismisses Plaintiff's complaint without prejudice. *See EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007) (holding that in order to state a cognizable claim, the complaint must describe the claim in detail which is sufficient to provide the defendants of notice of what ground the claim rests upon and plausibly suggests that the Plaintiff has a right to relief). In light of this finding, the Court denies Plaintiff's motion to proceed *in forma pauperis* and her motion for appointment of counsel.

With respect to Plaintiff's motion for appointment of counsel, the Court also finds the assertions therein insufficient. In considering motions for appointment of counsel, the Court typically takes three factors into consideration: (1) whether the indigent party has made "reasonable efforts to retain counsel," (2) the difficulty of the case weighted against to the indigent party's competency to litigate the case, and (3) if a plaintiff does not appear competent, whether the presence of counsel would conceivably make a difference to the outcome of the case. *Pruitt v. Mote*, 503 F.3d 647, 654-655 (7th Cir. 2007). Notwithstanding the fact that the Court is unable to weigh the difficulty of the case with Plaintiff's competence due to the lack of factual allegations, the Court also cannot conclude that Plaintiff has engaged in reasonable efforts to retain counsel. In her motion, Plaintiff failed to list a single attorney or law firm from which she sought assistance prior to filing her motion. *See* ECF No. 4 at 1. If Plaintiff wishes to have counsel appointed, she must demonstrate that she undertook reasonable efforts to obtain counsel prior to filing her motion for appointment. *See Pruitt*, 503 F.3d at 654-55. Accordingly, the Court denies Plaintiff's motion for appointment of counsel.

The Court grants Plaintiff 30 days from the entry of this Order to re-file a complaint with sufficient factual allegations. If Plaintiff fails to do this, the Court will dismiss Plaintiff's complaint with prejudice.

As a final matter, the Court observes that Plaintiff may wish to avail herself of the assistance offered by the *Pro Se* Help Desk located on the 20th Floor of the Dirksen Federal Building. The Help Desk is available to assist Plaintiff should she have questions about the form of filings, matters of court procedures, and the like.